■ In the Matter of the Claim of ANN McCARVILLE, Respondent, v WILLIAMS, STEVENS, McCARVILLE & FRIZZELL, P. C., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 18, 1980, which found that the decedent's death was a suicide and was causally related to his work, and that he thus sustained an accident within the meaning of the statute. The decedent, a lawyer, was a member of a law firm in the City of Buffalo and was highly regarded as a corporate attorney. The record establishes that decedent was under a strain due to his father's recent death; that he was concerned as to the

purchase of an expensive home, and that there were other personal problems as more fully detailed in the record. The record also establishes that in regard to his work at the law office he was under a time limitation as to the completion of a substantial amount of work; that he was under the impression he had made a serious mistake; that he feared he might be asked to resign from the firm albeit assured otherwise, and, as more particularly described in a report by the attending physician, "the very activities that throughout his life had given him pleasure, financial reward, professional esteem, recognition, and a sense of worth, were now creating tension and pressure to the extent that to accomplish the necessary work seemed an almost impossible task". There was probative evidence to establish a basis for a finding of personal reasons for the act, but the record also established a nexus between the suicide and the decedent's business activities and relationships. Thus the board was required to make a determination of fact and there is in this record substantial evidence to sustain the board's finding that: "based on the testimony of the claimant-widow and D. Stevens as to the decedent's concern with his work including the effect of the change in the Internal Revenue Law, and Dr. Wilinsky's testimony that the work issues were in fact related to the decedent's suicide * * * claimant's death was causally related to his work and decedent sustained an accident within the meaning of the Workers' Compensation Law." Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.